**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**ERICA D. LOYD, ESQ.**
State Bar No.: 010922
**KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468

*Attorneys for Plaintiff*
*Kristina Reyes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA REYES, an Individual, ) | Case No.: 2:15-cv-00587 |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| HEALTHDATATINSIGHTS, INC., a Nevada ) | JURY TRIAL REQUESTED |
| Corporation; DOES 1 through 25, inclusive; and ) | |
| ROE CORPORATIONS 1 through 25, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

COMES NOW, Plaintiff, KRISTINA REYES, by and through undersigned counsel, and complains, alleges and avers as follows:

## JURSIDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and State statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

*1 | Reyes Complaint*

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

2. Plaintiff's statutory claims arise under including but not limited to Title I and V of Americans with Disabilities Act of 1990 ("ADA"), as amended, and codified in 42 U.S.C. §§ 12111–12117. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331.

3. This action also includes claims arising out of Nevada anti-discrimination statutes, N.R.S. Section 613.310 et seq., which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a).  Plaintiff asserts she was treated disparately, subjected to hostile work environment, and wrongfully terminated by Title I and V of Americans with Disabilities Act of 1990 ("ADA").

4. Jurisdiction in this case is also proper pursuant to N.R.S. Section 14.065.

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. As Plaintiff's employer, during the relevant time period, Defendants, HEALTHDATAINSIGHTS, INC., was a registered Nevada Corporation operating within the County of Clark, State of Nevada; was engaged in an industry affecting commerce.

7. Plaintiff filed his Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a copy of her "Right to Sue" notice (for charge #487-2014-00539) (***hereto*** attached as ***Exhibit A: Charge of Discrimination***) dated June 26, 2014.  In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of her receipt of the January 07, 2015 Right To Sue Notice (***hereto*** attached as ***Exhibit B: Right to Sue Letter***).

9. Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

**PARTIES**

10. Plaintiff, Kristina Reyes (hereinafter "Kristina"), at all times relevant to this Complaint, was a resident of Clark County, Nevada and at all times herein began her employment with HEALTHDATATINSIGHTS on June 25, 2012.

11. Defendant, HEALTHDATAINSIGHTS (hereinafter "HDI"), is an employer within the meaning of Title I and V of Americans with Disabilities Act of 1990 ("ADA"), as amended. Defendant, HDI was engaged in an industry affecting commerce or in the performance of service for commerce. HDI is licensed to do business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

12. As an employer in Nevada, Defendants, HDI is required to comply with all state and federal statutes, which prohibit harassment, discrimination based on an individual's disability.

13. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants.   The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time.   Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees.  Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

14. At all times relevant hereto, Plaintiff was employed by Defendant HDI who operate in Clark County, Nevada.

...
...
...
...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

**GENERAL ALLEGATIONS**

15. On or around June 25, 2012, Plaintiff, Kristina began her employment with Defendant HDI as a QDA DME Analyst.

16. This matter involves Kristina, a dedicated employee, who found herself caught in an employment setting that was callous and cold to her perceived disabling condition.

17. Kristina proved to be an exemplary employee as well as an overall asset to Defendant HDI, for her two year tenure exemplified by Kristina receiving opportunity for a promotion.

18. However, during her employment, Defendant HDI subjected Kristina to an unfair and hostile work environment due to her perceived disabling condition.

19. Despite, her dedication, promotion, and commitment to her employer, HDI subjected Kristina to unlawful terms and condition of employment in violation of Title I and V of Americans with Disabilities Act of 1990 ("ADA").

20. Namely, in or around October 2013, Kristina tore two ligaments in her left ankle which required her to use an orthopedic boot for six months.

21. Due to the length of time for her ankle to heal, DMV issued Kristina a disabled placard and she began to access the disabled parking at HDI offices.

22. In hope of promoting internally with HDI, in the same month Kristina took and passed the professional coder's exam.

23. Unfortunately, in December 26, 2013, Kristina sustained a concussion from an accident. In accordance with policies and procedures, Kristina called off from work on December 30, 2013 because she reported to the emergency for treatment and assessment for memory loss, speech issues and headaches associated with the concussion.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

24.  On Janauary16, 2014, Kristina applied for a CPC Coder position with HDI.

25. On January 22, 2014, Kristina had a phone interview for the CPC Coder position.

26. On January 23, 2014, upon a visit to her oral surgeon whom conducted an MRI on Kristina's jaw which was injured in her accident in December, the oral surgeon revealed Kristina had a fractured jaw that was healing incorrectly which required open joint surgery.

27. On January 24, 2014, received an offer for the promotion of CPC Coder from Robbie Andrachak which Kristina accepted happily.

28. Subsequently, on the same day, Kristina informed her direct supervisor Sally Dietrich that she would need oral surgery.

29. Kristina in excitement and anticipation of her promotion began buying books and completing more studying of HMS, SNF and therapy coding.

30. Robbie Andrachack also scheduled Kristina to begin SNF training on the week following January 31, 2014.

31. On January 31, 2014, Kristina was informed that surgery on her jaw was scheduled for February 12, 2014.  Kristina's attending physician gave her a note that stated she would require an off duty work status February 10, 2014 through March 03, 2014.

32. February 03, 2014, Kristina immediately reported the surgery, doctor's note and letter regarding the accident and injuries she sustained on December 26, 2013 as well as the pending surgery.  Kristina gave the documentation to both, Pamela Jensen, HDI HR Director, HMS HR and her immediate supervisor Sally Dietrich.

33. Further, Kristina informed Robbie Andrachack about the pending surgery. In response Robbie Andrachack stated that Kristina could complete the SNF training the second week of March.

34. Kristina asked Robbie Andrachack if she was still attending the SNF training beginning on Wednesday February 05, 2014.  Robbie replied, "I now want to wait until you get back from surgery to do the SNF training."

35. Further, Robbie Andrachack mentioned to Kristina that the other applicant had been hired as CPC Coder for HDI.

36. On February 04, 2014, Kristina emailed regarding the documents relating to her salary increase and promotion given Robbie Andrachack's offer.   HDI personnel responded that it was waiting on Andrea Benko, HDI CEO.

37. On February 07, 2014, Kristina cleaned out her desk based on the verbal representation she would need to do so because she would be moving upstairs as a part of her new promotion.

38. On February 10, 2014, Kristina's medical leave began.

39. From February 14, 2014, two days after surgery, until February 21, 2014, Kristina requested status regarding the promotion and her return to work at HDI.

40. On or about February 21, 2014, in response to Kristina's numerous requests for status updates, HDI informed Kristina that she "was no longer being considered for the position," despite the verbal offer made to Kristina on January 24, 2014 and the position still being listed as available on HDI's website.

41. HDI had no response when Kristina inquired into the reasoning for the revocation of the offer and denial of the promotion.

42. HDI offered a variety of pre-textual excuses for their rejection and denial to Kristina.  These excuses ranged from "HDI is going in a different direction with the position" to "the position is being put on hold."

43. However, the position remained open on websites until Kristina stated her concerns that she was being discriminated against because of her medical leave and her disability as well as the fact that the other woman had been hired for the same position subsequent to Kristina informing HDI about her disability and short-term medical leave.

44. Subsequently, on February 27, 2014, Kristina's physician extended her medical leave until March 30, 2014.

45. Thereafter, HDI informed Kristina that the promotion was revoked and denied by HDI CEO because the CEO believed that Kristina lacked the proper credentials for the position as well as the fact that the position was no longer available to any person.

46. Thus, Kristina was effectively terminated from HDI.

47. Kristina informed HDI as her belief she was being discriminated against due to her disability and medical leave arising therefrom.

48. As the facts indicate, Kristina's termination was indeed a result of blatant disability discrimination.

49. Kristina fervently believes that her termination and disparate treatment was due to her disability as HDI deemed Kristina as a liability rather than the valuable asset which she truly is for HDI and any employer.

50. Therefore, despite HDI's pre-textual reasons since the disability discrimination is readily apparent, Defendant HDI's actions are in direct violation of the ADA and did cause injury to Kristina for which HDI is culpable.

## FIRST CAUSE OF ACTION
### (DISABILITY DISCRIMINATION - ADA)

51. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 50 as though fully set forth herein.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

52. Defendant HDI knew or should have known of its obligation, pursuant to state and federal statutes, to maintain work places free of disability discrimination.

53. Defendant HDI failed to take reasonably adequate steps to prevent discrimination based on a disability in its workplace in Nevada by allowing the termination of Kristina despite her requests for reasonable accommodations as well as her complaints regarding the discrimination she endured by HDI.

54. Additionally Defendant HDI, in violation of the ADA terminated Kristina alleging "the position is no longer available" and "HDI is moving in a different direction."

55. Upon information and belief Kristina's termination and revocation of the offered promotion was based on her medical disabled condition and HDI's own perception of Kristina's disabling condition.

56. Kristina has qualified disability under the ADA because Kristina has physical impairments that substantially limits one or more of her major life activities.

57. Kristina requested a reasonable accommodation of medical leave as well as keeping the promotion, her position or an equivalent position while she was on medical leave.

58. Defendant HDI ignored Kristina and effectively denied Kristina's accommodation requests thus furthering the discrimination.

59. Defendant HDI ignored Kristina effectively denying Kristina's requests for a reasonable accommodation. Moreover, Defendant has no justifiable basis but rather pre-textual reasons for the denial as the accommodation would not cause an undue hardship when other employees, disabled and non-disabled, are given the accommodation as well as hiring another woman for the same position which was denied to Kristina.

60. Defendant HDI subjected HDI to disparate treatment by terminating the Plaintiff based on its presumptions regarding HDI's disabling condition thereby singling out Kristina because of her disability.

61. Defendant subjected Kristina to disparate treatment by enforcing special procedures and denying and revoking employment benefits for the Plaintiff thereby singling out Kristina due to her disabling condition.

62. Defendants further subjected Kristina to unscrupulous tactics by prohibiting Kristina to return to work, and denying Plaintiff reasonable accommodations as well as promised promotion, job reinstatement to her position or an equivalent position with an equivalent rate of pay.

63. The blatant actions and numerous excuses demonstrate that defendant simply no longer wanted to employ Kristina because of the potential liability.

64. Therefore, Defendant HDI, acting through and with its employees, discriminated illegally against Kristina.

65. Kristina charges that, both, Defendant HDI, discriminated against her based on her disability in that she was subjected to intentional acts and procedures in furtherance of the same.

66. Defendant's actions were intentional and done with willful disregard for the well-established and well-known legal rights of Kristina.

67.  Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

68. Kristina endured and sustained actual damages including severe loss of income, loss of advancement, loss grievous mental and emotional suffering, worry, fear, anguish, shock, nervousness, stress and anxiety in an amount subject to proof at trial.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

69. Defendant HDI's actions are intentional and done with willful disregard for the well-established and well-known legal rights of Kristina.

70. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Supervision, and/or Training of Employees)

71. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 61 as though fully set forth herein.

72. Defendant HDI should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees and therefore has knowledge of their potentially harmful effect upon employees, particularly employees who have defined disabilities under the ADA.

73. Defendants HDI should be aware that supervisors and its employees are creating a situation, which placed Kristina and other disabled persons in danger of having their rights violated. Because of this awareness, Defendants HDI should take protective measures to stop its employee's illegal conduct toward Kristina.

74. Defendant HDI know or should know that the conduct of its Human Resources representatives, other supervisors, agents and employees might result in a violation of employee's rights and Defendant HDI failed to institute sufficiently effective training programs, which may have identified Human Resources representatives, supervisors and its employees' illegal conduct and prevented further recurrences or may have allowed employees to file complaints about it.

75. Defendant HDI failed to properly supervise and restrain its Human Resources representatives, agents, supervisors and employees from their illegal conduct.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

76. Defendant HDI received notice that its principals, assistant principals, other supervisors and its employees are engaging in conduct that violated Kristina's rights when Kristina made inquiry and complaints to HDI Human Resources.

77. Furthermore, HDI repetitively ignored Kristina's requests for accommodations and complaints regarding the discrimination and retaliation.

78. Defendant HDI, by creating an atmosphere in which the ire of its Human Resources representatives, agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful and/or tortuous conduct toward Kristina.

79. As a result of each Human Resources representative's, supervisor's, employee's and agent's conduct and based upon the responsibility of Defendant HDI, Kristina has suffered damages by Defendant HDI and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

80. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

…
…
…
…
…
…
…
…
…
…
…

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays as follows:

1.  For a trial by jury on appropriate issues;

2.  For all employment-related losses subject to proof;

3.  For a declaration that the acts and practices complained of herein are in violation of to Title I and V of Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12111–12117, the Nevada Equal Employment Opportunity Act, NRS 633.310, et seq., the Nevada Unemployment Compensation Statues, NRS 612.010, et seq., specifically NRS 612.730;

4.  For compensatory damages in a sum or value in excess of $50,000.00, exclusive of interest and costs;

5.  For punitive damages against Defendant HDI;

6.  For prejudgment interest;

7.  For reasonable attorney's fees and all costs incurred by Kristina Reyes herein; and

8.  For such other and further relief as the Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 31st day of March 2015.

**KANG & ASSOCIATES, PLLC.**

/s/ Erica D. Loyd, Esq.
**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**ERICA D. LOYD, ESQ.**
State Bar No.: 010922
3571 Red Rock Street, Suite A
Las Vegas, Nevada 89103
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

*12 | Reyes Complaint*

**KANG & ASSOCIATES, PLLC.**
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

# EXHIBIT A

## CHARGE OF DISCRIMINATION

JUL. 7. 2014  2:17PM                                          NO. 0529  P. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 487-2014-00539 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Kristina Reyes | (702) 481-9292 | 11-04-1981 |

| Street Address | City, State and ZIP Code |
|---|---|
| 119 Muddy Creek Ave., Las Vegas, NV 89123 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| HEALTH DATA INSIGHTS, INC | 500 or More | (702) 243-8730 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7501 Trinity Peak St. Suite 201, Las Vegas, NV 89128 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 02-21-2014   Latest 02-21-2014
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.    I began employment with Health Data insights in about June 2012 and my current position is QDA DME Analyst. On or about January 17th 2014 I applied and expressed intent in a promotional position of CPC Coder. I was extended an offer for the CPC Coder position on or about January 24th, 2014. I went on FMLA leave for my disability on or about February 10th 2014. On or about February 21st 2014 the position offered was rescinded.

II.   On or about February 21st 2014 I was informed by Sharonica (last name unknown), HMS Employee Relations, that the company was going in a different direction.

III.  I believe I have been discriminated against due to my disability in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/26/14   Charging Party Signature: *Kristina Reyes*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

JUN 3 0 2014

EEOC/LVLO
INTAKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

# EXHIBIT B

## RIGHT TO SUE LETTER

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Kristina Reyes<br>119 Muddy Creek Ave.<br>Las Vegas, NV 89123 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd. South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **487-2014-00539** | **Christopher Vincent,**<br>**Investigator** | **(702) 388-5085** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
- [X] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN</u> <u>90 DAYS</u> **of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.
- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

JAN 0 7 2015

Enclosures(s)

**Amy Burkholder,**
**Local Office Director**

*(Date Mailed)*

cc:  **HEALTH DATA INSIGHTS, INC**
c/o HMS BUSINESS SERVICES, INC.
Sonja J. McGill, Esq.
5651 High Point Dr.
Irving, TX 75038

Patrick Kang, Esq.
LAW OFFICES OF KANG & ASSOCIATES
6480 W. Spring Mountain Rd., Ste. 1
Las Vegas, NV 89146